# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BMG MUSIC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **MEMORANDUM OPINION,** |
| v. ) | **ORDER, AND RECOMMENDATION** |
| ) | |
| Doe #4, ) | 1:08CV135 |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Doe #4's motion to dismiss the Complaint, motion to strike the Declaration of Carlos Linares, and motion to quash a subpoena addressed to Duke University ("Duke") (docket no. 12). Furthermore, the moving Doe Defendant requests that the court stay enforcement of the subpoena addressed to Duke pending further orders. Plaintiffs have responded in opposition to the respective motions. In this posture, the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge; therefore, all dispositive motions must be addressed by way of recommendation. For the reasons stated herein, it will be recommended that the court deny the motion to dismiss. Furthermore, the court will deny the motion to strike the Carlos Linares Declaration, deny the motion to quash the subpoena, and deny Defendant's request for a stay of enforcement of the subpoena.

**BACKGROUND**

On February 27, 2008, Plaintiffs filed their Complaint alleging copyright infringement against Defendant Doe #4 and nine other Doe Defendants. Plaintiffs allege to be copyright owners or licensees of various copyrighted sound recordings. (Compl. ¶ 19.) Plaintiffs allege that Defendant Doe #4 and the other Doe Defendants used an online media system to download and/or distribute certain copyrighted recordings, including those listed in Exhibit A to the Complaint. (*Id.* ¶ 21.) Exhibit A provides the artist, title, and copyright owner of each of the sound recordings, gives the internet protocol ("IP") address apparently assigned to each Defendant, and identifies GnutellaUS as the online media distribution system used. (Ex. A to Compl.) Plaintiffs allege in the Complaint that each Doe Defendant is only known by the assigned IP address. (*Id.* ¶ 16.) Plaintiffs contend that Defendants' internet service provider ("ISP") was Duke University ("Duke").

On February 27, 2008, Plaintiffs filed a motion to expedite discovery to determine the identity of each Doe Defendant (docket no. 3). On February 29, 2008, this court granted the motion, allowing Plaintiffs to serve a Rule 45 subpoena on Duke seeking documents that identify each Doe Defendant's name, address, telephone number, e-mail address, and Media Access Control address. Plaintiffs issued a subpoena to Duke on March 7, 2008. Duke responded that Doe #4 was the only one out of the ten Doe Defendants who could be identified. (*See* docket no. 10.) On April 8, 2008, Defendant Doe #4 filed a motion to sever (docket no. 8).

Plaintiffs subsequently dismissed all Defendants except Doe #4, and Doe #4's motion to sever was withdrawn. The parties stipulated to stay enforcement of or compliance with the subpoena until April 29, 2008. On April 29, 2008, Defendant Doe #4 filed the pending motion to dismiss, motion to strike the Linares Declaration, and motion to quash the subpoena.

**DISCUSSION**

I. Defendant's Motion to Dismiss

Defendant Doe #4 first contends that Plaintiffs have failed to state a claim for copyright infringement against Doe #4. In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This

duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support her right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted).

Under the federal Copyright Act, copyright infringement occurs when a person "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). Therefore, the two elements of an infringement claim are (1) ownership of a valid copyright and (2) encroachment upon one of the exclusive rights afforded by the copyright. *Avtec Sys, Inc. v. Peiffer*, 21 F.3d 568, 571 (4th Cir. 1994). The Copyright Act grants the owner of a copyright the exclusive right to, among other things, "distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending."[1] 17 U.S.C. § 106(3).

Here, the Complaint alleges, upon information and belief, that without the permission or consent of Plaintiffs, Defendant Doe #4 has used and continues to use an online media distribution system, commonly referred to as a "peer-to-peer

---

[1] While the Copyright Act does not define the term "distribute," the Fourth Circuit has held that a library distributes a copyrighted work under section 106(3) when it "holds a copy in its collection, lists the copy in its card file, and makes the copy available to the public," *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 204 (4th Cir. 1997).

network," to download and/or distribute to the public certain recordings copyrighted by Plaintiffs. (Compl. ¶ 21.) Attached to the Complaint is an exhibit that provides a list of copyrighted recordings, the specific peer-to-peer network used, and an IP address that can reasonably be inferred to belong to Defendant Doe #4. (Ex. A). I find that Plaintiff has sufficiently alleged a copyright infringement claim for the purpose of the pending motion to dismiss. *Accord Warner Bros. Records, Inc. v. Doe*, No. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec. 4, 2008) (denying motion to dismiss copyright claim with almost identical factual allegations); *LaFace Records, LLC, v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992, at *2 (E.D.N.C. Feb. 27, 2008) (same). Therefore, it will be re recommended that the court deny the motion to dismiss.

II. Defendant's Motion to Quash the Subpoena Addressed to Duke

Next, the court considers Defendant Doe # 4's motion to quash the subpoena served on Duke to determine Defendant's identity. Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), a subpoena shall be quashed if, among other things, it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." In *Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), a copyright infringement case with similar factual circumstances and pleadings, the Southern District of New York Court set forth the following five factors for determining whether an anonymous defendant's identity is shielded from disclosure by the First Amendment: "(1) a concrete showing of a prima facie claim of actionable

harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy." *Id.* at 564-65 (internal citations omitted). Here, I find that all five factors weigh in favor of enforcement of the subpoena. That is, (1) Plaintiffs have made a concrete showing of a prima facie claim of copyright infringement; (2) the discovery request is sufficiently specific to establish a reasonable likelihood that the identity of Doe #4 can be ascertained so that he or she can be properly served; (3) Plaintiffs have shown that there are no alternative means to obtain the information as to Doe #4's identity; (4) Plaintiffs have shown that the subpoenaed information–Doe #4's identity–is centrally needed to advance Plaintiffs' copyright infringement claim; and (5) Plaintiffs have shown that Defendant Doe #4 has a minimal expectation of privacy in downloading and distributing copyrighted songs without permission. *Accord Sony Music Entm't*, 326 F. Supp. 2d at 567 ("In sum, defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."). Therefore, the motion to quash the subpoena will be denied.

III.  Defendant's Motion to Strike the Declaration of Carlos Linares

Finally, Defendant Doe #4 has filed a motion to strike the Declaration of Carlos Linares, Vice-President of Anti-Piracy Legal Affairs for the Recording Industry Association of America, Inc. The Linares Declaration was attached to the application

for leave to take immediate discovery, and Linares asserted, among other things, that Duke was the ISP for all of the Doe Defendants. Defendant contends that although Linares states that he has personal knowledge of the facts alleged, he does not, and that the evidence of alleged copyright distribution was acquired not by Linares but by some unnamed person working for MediaSentry. Defendant also contends that MediaSentry is required to have a license to operate in North Carolina because it is a private firm engaged in the private protective services profession, but that MediaSentry in fact has no license. *See* Private Protective Services Act, N.C. GEN. STAT. § 74C-1 et seq. For these reasons, Defendant Doe #4 contends that the court should strike the Linares Declaration.

Defendant's motion to strike the Linares Declaration will be denied. Whether MediaSentry is unlicensed has no bearing on the pending motion.[2] Furthermore, to the extent that the Linares Declaration links Defendant Doe #4's IP address to Duke, the testimony is based on Linares' position as Vice-President of Anti-Piracy Legal Affairs for the Recording Industry Association of America, Inc. and his personal knowledge of the investigations conducted by MediaSentry. If Plaintiffs are mistaken and if Duke is not the ISP for the identified IP addresses, then Duke can indicate as much in its response to the subpoena.

---

[2] In any event, as Plaintiffs note, Defendant has not shown how MediaSentry's activities somehow fall under North Carolina's Private Protective Services Act.

**CONCLUSION**

For the reasons stated herein, it is **RECOMMENDED** that the court **DENY** Defendant Doe #4's motion to dismiss (docket no. 12). Further, the motion to strike the Linares Declaration and the motion to quash the subpoena issued to Duke are **DENIED**. Finally, the court will not stay enforcement of the subpoena.

_____
WALLACE W. DIXON
United States Magistrate Judge

July 24, 2009